# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 24, 2020

159422

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

SAUL ARTURO MEJIA,
      Defendant-Appellant.

_____/

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

SC: 159422
COA: 339426
Berrien CC: 2016-016334-FC

On order of the Court, the application for leave to appeal the February 14, 2019 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MCCORMACK, C.J. (*dissenting*.)

I respectfully dissent from the Court's decision to deny leave to appeal. I would grant leave to appeal to further review the defendant's argument that both the question of the admissibility of child sexual abuse accommodation syndrome (CSAAS) under *Daubert v Merrell Dow Pharm*, 509 US 579 (1993), and this Court's decision allowing the admission of such evidence, *People v Peterson*, 450 Mich 349 (1995), are ripe for reconsideration. While I recognize that the majority of courts currently admit such evidence, recently courts around the country nonetheless have been grappling with troubling questions about the validity and reliability of such evidence. See, e.g., *State v JLG*, 234 NJ 265, 272 (2018) (concluding that, for the most part, "it is no longer possible to conclude that CSAAS has a sufficiently reliable basis in science to be the subject of expert testimony" and therefore holding that "expert testimony about CSAAS in general, and its component behaviors other than delayed disclosure, may no longer be admitted at criminal trials"); see also *King v Commonwealth*, 472 SW3d 523, 530 (Ky, 2015) (concluding that "[t]he validity of the theory was not self-evident in 1985 and it is not self-evident today"). And as the New Jersey Supreme Court noted in *JLG*, 234 NJ at 291-292, "CSAAS is not recognized in the Diagnostic and Statistical Manual of Mental Disorders and has not been accepted by the American Psychiatric Association, the

American Psychological Association, or the American Psychological Society." I think it is important for this Court to join that conversation.

BERNSTEIN and CAVANAGH, JJ., join the statement of MCCORMACK, C.J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 24, 2020



Clerk

s0121